**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Marvin H. McGhee, | ) | |
| | ) | Civil Action No. 6:14-cv-02644-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Marvin H. McGhee ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1.)

This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 14.) On July 21, 2015, the Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). (Id.) Plaintiff timely filed objections to the Report. (ECF No. 16.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB.

## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report. (See ECF No. 14 at 1–4, 6–16.) The court concludes, upon its own

1

careful review of the record, that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own.

## II.  LEGAL STANDARD

A.  <u>The Magistrate Judge's Report</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. <u>See</u> 28 U.S.C. § 636(b)(1).

B.  <u>Judicial Review of the Commissioner</u>

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." <u>Thomas v. Celebrezze</u>, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See <u>Vitek v. Finch</u>, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is

supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157–58.

## III.  ANALYSIS

Plaintiff raises three objections: The Administrative Law Judge (1) abused his discretion by basing his decision "solely upon [Plaintiff's] demeanor," (2) improperly dismissed opinions of treating physicians, and (3) erred in finding that Plaintiff was not credible. (ECF No. 16.) Defendant maintains that Plaintiff "essentially argues that the Magistrate Judge erred in not accepting the arguments made in his initial brief." (ECF No. 17.) "[G]eneral objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by [Fed. R. Civ. P.] 72 and have the same effect as a failure to object. In such circumstances, the district court should uphold the magistrate judge's report and recommendations unless clearly erroneous or contrary to law." See Parker v. Comm'r of Soc. Sec., No. 4:11CV00030, 2012 WL 1356593, at *5 (W.D. Va. Apr. 19, 2012) (quoting Elliott v. Comm'r of Soc. Sec., No. 6:10cv00032, 2011 WL 3664414, at *2 (W.D. Va. Aug. 19, 2011)). Although Plaintiff has filed an eight page Objection to the Report, the court observes that the arguments presented therein are a reiteration of arguments already presented.[1]  In the absence of

---

[1] (Compare Plaintiff's Brief, ECF No. 10 at 4-7 (maintaining ALJ abused his discretion), with Plaintiff's Objection, ECF No. 16 at 1-5 (same); compare ECF No. 10 at 7-10 (maintaining ALJ erred in disregarding opinion of treating physicians), with ECF No. 16 at 5-7 (same); compare

3

specific objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d at 199.  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond, 416 F.3d at 315.  Upon review, the court does not find clear error in the Report and agrees with the Magistrate Judge that substantial evidence supports the Commissioner's decision.

### III.  CONCLUSION

For the reasons set forth herein, the court **ACCEPTS** the Report (ECF No. 14) and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 25, 2015
Columbia, South Carolina

---

ECF No. 10 at 10-12 (maintaining ALJ erred in finding Plaintiff was not credible), with ECF No. 16 at 7-8 (same)).)